The Department of Public Works and Buildings, Petitioner-Appellant, *v.* Ethel Crumbaugh, *et al.*, Defendants-Appellees.

(Nos. 11335-11350 cons., )

Fourth District—October 8, 1971.

CRAVEN, J., specially concurring.

·William J. Scott, Attorney General, of Springfield, (William P. Ryan, Assistant Attorney General, of Springfield, Richard E. Quinn, Special Assistant Attorney General, of Peoria, and William B. Lawrence, Special Assistant Attorney General, of Bloomington, of Counsel,) for appellants.

Costigan & Wollrab, of Bloomington, for appellees.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

Eminent domain proceeding. The question is a narrow one—evidentiary. It involves the exclusion of evidence. Of course, if such was proper we simply affirm.· On the other hand, if improper, we do not necessarily reverse as a second question then arises. Was such error so pervasive that we must assume that the verdict might have been otherwise and thus a new trial the only solution? Before positing the precise point—the question asked, the objection, the offer of proof, the allowance, all of which frame the issue of law—we think it appropriate to set forth the legal context we must work with.

■■ In condemnation proceedings where only part of a given tract is sought, the owner is first entitled to just compensation—that is, the fair cash market value of the part taken for its highest and best use. Now such taking may result in damages to the remainder of the tract. It may also result in benefits—or both. If the remainder is damaged, the owner gets the fair cash market value in money of the difference from what it was worth before and after the taking. We call such severance or consequential damages.

■■ But what if the value of the remainder is greater after the taking than before? In such case the condemnee isn't required to pay the condemnor, here the Department of Public Works and Buildings, the value of the involuntary benefits. To put it another way, the existence of benefits simply erases its antonym, damages, the condemnor pays nothing and the condemnee gets nothing—not minus zero which would imply payment by him to the condemnor. That is in some respects a "break" for the owner, but then such happenstance was not of his own making, hence, for the condemnee to come up with something for the condemnor would be a bit awkward, to say the least. Now one could say, and some states do, that benefits should be set off against the compensation found due for the land taken thus reducing the overall award, (13 ALR3d 1149, 1197.) but not in Illinois. *Department of Public Works and Buildings v. Griffin*, 305 Ill. 585, 137 N.E. 523, makes this clear:

"In assessing compensation in eminent domain proceedings for land taken out of a larger tract of which it is a part, the value of the land taken must be ascertained without any deduction for benefits. The damages to the part of the tract not taken may be reduced by any

special benefits which it may receive on account of the improvement. It is therefore necessary that these two items of assessment should be kept separate."

■■ Such is our legal context. Now for what happened. The Department asked its appraiser-witness what the value of the remainder was before the taking and he testified that it was X Dollars. However, when asked for his opinion as to the value in dollars of the remainder after the taking, an objection was had, followd by an offer of proof that the answer would be X-plus Dollars and the objection was sustained. The witness was only allowed to testify that the remainder would be worth "more" after than before, but that was all—precisely how much more in dollars was ruled out. Needless to say, the owners' (we have consolidated cases) witnesses testified that the remainders' values would be less afterwards than before and they did so using dollar values not the inexact "less". The Department urges that this delimitation on them was error, that the jury should have had the opinion of its witnesses as to how much in dollars the remainder was worth after the taking rather than simply the indefinite "more", or that it was in "excess of". We agree.

On the surface it might appear that since the owner is not required to pay for benefits, but simply receives them free, so to speak, testimony that the value was "more" or "in excess of" should be enough under these circumstances. But it seems to us the better practice is for the jury to have before them just how much more in dollars. As we have seen, benefits can be set off against damages to the remainder, so why not have both expressed in the same denominator—dollars? Everybody knows what they are! Here, there was a finding of damages to the remainders, and the Department's position, or rather its thought, is that if the triers of the fact had known how much in dollars its witnesses would have opined, their verdicts *might* have been different—maybe less or maybe nothing at all.

To be specific, as to one of the two tracts involved, the Department's witness' opinion was that the remainder after the taking was $63,750.00 more than before, while the highest damages that one of the owners' witnesses gave was $11,880.00—a spread of $75,630.00. Which is to say that so far as the jury was concerned they heard the damages in dollars but the benefits only as "more" and as we have seen, the Department argues that if they could have heard just how much more—$63,750.00— they *might* come in with a far different verdict. We have emphasized "might" not because such is important up to now but that it will be later on.

■■ The reason given for the exclusion was the fear that such might have the effect of encouraging a jury to set off such dollar benefits against

the compensation found to be due for the land actually taken. In the situation present the jury as we know, decides both in its deliberation. But we agree with the Department that this apprehension can be handled by an instruction if indeed the apprehension seems to be real. The argument that jurors being jurors will disregard such admonitory instruction if given is a proposition we cannot accept. If we are wrong, then instructions to juries over the years have been meaningless and certainly a great deal of time has been utterly wasted. But as we have said, we do not believe it.

We emphasized earlier if the evidence excluded had been included the verdict *might* have been different. "Might" is subjunctive, which is to say, we don't know, nor does anyone else—unless we were to reimpanel the jury and put the proposition to them again, this time in dollars. Even then, it *might* be different, because the context would be different. We are also mindful that in these matters errors resulting in new trials must be such that it *is* to be reasonably expected that the verdict will be different, or to put it another way, the verdict rendered was *not* within the range of testimony if the excluded had been included. But such is not the case here. The damage figure returned in both cases is less than the highest damage figure given—even though very slightly—and, as we have pointed out, the Department's witnesses *were* permitted to testify that the value of the land not taken was worth "more" or "in excess of". Condemnation trials, as has been pointed out, are time consuming and expensive, and while we believe, as we have held, that the jury here would have been better informed had they had a dollar figure as to benefits, still we cannot say, in view of this testimony and in addition the view had by the jury of the premises that the verdicts returned were not within the range of the excluded testimony. Accordingly, we affirm the judgment in both cases.

Judgment affirmed.

TRAPP, J., concurs.

Mr. JUSTICE CRAVEN, specially concurring:

I agree that this case should be affirmed. I am not persuaded however that the trial court committed error in excluding evidence, expressed in dollar amounts, as to the enhanced value of the land not taken. In ascertaining the damages to the land not taken the jury is fully informed if the witness is permitted to express the opinion that there is no damage. Any enhanced value cannot serve as a setoff and thus the expression of enhanced value in dollar amounts seems of dubious materiality. As I view this record, the trial court was correct in its evidentiary rulings.